UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL EDWARD EBEL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                             /

Case No. 16-11995
Hon. Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND REMANDING MATTER PURSUANT TO SENTENCE FOUR

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation. **[Doc. No. 18]** Timely objections, a response to the objections, and a reply to the response were filed in this matter. **[Doc. Nos. 19, 20 21]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial eidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. In reviewing Plaintiff's objections, the Court finds that Plaintiff has not identified his objections as expressly set forth in the Report and Recommendation. *See* Doc. No. 18, PgID 1133-34 ("Failure to file specific objections constitutes a waiver of any further right of appeal."). The objections Plaintiff has filed generally consist of a restatement of the arguments he presented in his summary judgment brief, an approach that is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where, among other things, Plaintiff "merely rehashe[d] his arguments").

As the Western District of Michigan has explained:

> This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act…which serves to reduce duplicative work and conserve judicial resources."

*Owens v. Comm'r of Soc. Sec.,* No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted) (emphasis in original). *See also* Fed. R. Civ. P. 72(b)(2) (objecting party is required to "file specific written objections to the proposed findings and recommendations" ). The Court particularly notes the regurgitated arguments pertaining to the weight given to the opinions of three physicians, Dr. Hayes, Dr. Martinez and Dr. Owi, and Plaintiff's contention that the ALJ substituted his own medical judgment for that of Dr. Hayes's opinion. And, like the Magistrate Judge, the Court finds that the substantive nature of Plaintiff's objections on these matters is not meritorious because substantial evidence supports the ALJ's findings.

The Court also is not persuaded by Plaintiff's argument regarding the ALJ's assessment of Plaintiff's RFC limitations. Plaintiff's argument that he "should not be assessed a capacity to work based on a *lack* of evidence" is contradicted by substantial evidence that supports the capacity to work assessed by the ALJ. (emphasis in original). And, as the Government notes, it is not the Commissioner's duty to rule out RFC limitations (even if it is the Commissioner's

3

duty to show a plaintiff cannot do work available in the national economy at step-five). *See, e.g., Ferriel v. Comm'r of Soc. Security*, 614 F.3d 611, 621 (6th Cir. 2010) ("lack of evidence" reasonably detracted from disability claim).

Having reviewed the Report and Recommendation and the parties' subsequent filings (the objections, response to objections, and reply the response), the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Doc. No. 18, filed July 24, 2017]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 19, filed August 7, 2017]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 13, filed October 12, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 16, filed December 19, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                  <u>S/Denise Page Hood</u>
                                  Denise Page Hood
                                  Chief Judge, United States District Court

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2017, by electronic and/or ordinary mail.

                                  <u>s/Julie Owens Acting in the Absence of LaShawn R. Saulsberry</u>
                                  Case Manager